LINK: 90

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03480 GAF (CWx) | Date | November 9, 2012 |
|---|---|---|---|
| Title | James Estakhrian v. Mark Obenstine et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**         **(In Chambers)**

### ORDER RE: MOTIONS FOR TERMINATING SANCTIONS, TO DISQUALIFY COUNSEL, AND FOR MONETARY SANCTIONS

### I.
### INTRODUCTION

The present suit arises out of a 2009 class action settlement that Defendants—various attorneys and law firms—negotiated to recover deposits placed on condominiums in the Cosmopolitan, a construction project on the Las Vegas strip, after its initial developer defaulted on its construction loan. Plaintiff alleges that his and other clients' participation in the settlement was obtained through fraudulent and unlawful means, and now seeks recovery from Defendants on behalf of himself and other settlement participants.

On October 24, 2011, the Court granted Plaintiff's request for jurisdictional discovery to determine whether the Court had personal jurisdiction over Defendants Terry A. Coffing, Marquis Auerbach Coffing, P.C., and Mark Obenstine. (Docket No. 46, [10/24/11 Order] at 1.) In pursuit of that jurisdictional discovery, Plaintiff served a subpoena on Crestridge Partners, a company with which Obenstine had once been associated, and which kept Obenstine's emails on its server. (Docket No. 83, [Magistrate Judge Woehrle's August 3, 2012 Order ("8/3/12 Order")] at 1.)

Now before the Court is Obenstine's "motion for terminating sanctions, disqualification of counsel, issue and/or monetary sanctions" claiming that "Plaintiff's attorneys deliberately and surreptitiously appropriated voluminous legally protected electronic transmissions to and from

LINK: 90

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03480 GAF (CWx) | Date | November 9, 2012 |
|---|---|---|---|
| Title | James Estakhrian v. Mark Obenstine et al | | |

attorney Obenstine's password protected private e-mail account with the assistance of a third-party, Crestridge Partners . . . ." (Docket No. 90, [Notice of Mot. for Sanctions ("Not.")] at 2.) However, because the Court treats the present motion as an appeal of a magistrate judge's ruling, and finds no evidence that decision was clearly erroneous, the Court **DENIES** Obenstine's motion in its entirety.

## II.
## BACKGROUND

The Court's October 24, 2011 Order set forth the general factual background of this action in detail. The Court will presume the Parties' familiarity with those facts. What follows is a recitation of the facts pertinent to the present motion.

Plaintiff James Estakhrian brings a class action complaint against Mark Obenstine, Benjamin F. Easterlin IV, Terry A. Coffing, King & Spalding, LLP, and Marquis & Aurbach, P.C., (collectively "Defendants"). (Docket No. 6, [First Am. Compl. ("FAC")] at 1.) Plaintiff brings claims for attorney malpractice, breach of fiduciary duty, breach of contract, unfair competition, unfair business practices, and fraud. (Id.) Plaintiff asserts a complex conspiracy, in which Defendants unlawfully used "cappers and runners" to solicit client involvement in a lawsuit and subsequent settlement involving the Cosmopolitan, a condominium-casino in Las Vegas, Nevada, while simultaneously neglecting to disclose a conflict of interest. (Id. ¶¶ 18–22.) Plaintiff avers that Defendants negotiated the settlement at an "unjust discounted sum." (Id. ¶¶ 2–3.)

On August 24, 2011, Defendants Coffing, Marquis & Aurbach, P.C., and Obenstine filed motions to dismiss. (Docket Nos. 24, 26.) All three Defendants asserted, in part, that the Court lacked personal jurisdiction over them. (Id.) On October 24, 2011, the Court granted Plaintiff's request for jurisdictional discovery to determine whether a basis existed to exercise personal jurisdiction over the moving Defendants. (10/24/11 Order at 1.) The Court indicated that documents reflecting contacts and communications among co-counsel and with an alleged key "capper and runner" might prove relevant to this question. (Id. at 10-11.)

On December 8, 2011, Plaintiff "served a Rule 45 subpoena on Crestridge Partners ('Crestridge'), a California real estate finance and investment company with which Defendant Obenstine had once been associated and that maintained Obenstine's emails on its server." (8/3/12 Order at 1.) Plaintiff sought:

All e-mails to or from Mark Obenstine at the e-mail address mark@crestpar.com

LINK: 90

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03480 GAF (CWx) | Date | November 9, 2012 |
|---|---|---|---|
| Title | James Estakhrian v. Mark Obenstine et al | | |

concerning, referring or relating to the legal dispute regarding earnest money deposits for the purchase of condominium units in a development known as the Cosmopolitan Resort and Casino Las Vegas ("Cosmopolitan"), in Las Vegas, Nevada.

(Docket No. 47-2, [Declaration of Ron Alikani ("Alikani Decl.")], Ex. A.)  Crestridge initially provided more than 1000 pages of Obenstine's e-mails (the "Initial Crestridge Production") to Plaintiff's counsel.  (8/3/12 Order at 2.)

Obenstine objected to the subpoena.  (Id.)  He claimed that "the request exceeded the scope of the authorized jurisdictional discovery and called for production of items protected by attorney-client privilege, work product immunity, or generalized privacy rights."  (Id.)  On December 22, 2011, Obenstine moved for a protective order precluding the discovery.  (Docket No. 48.)  In that motion, Obenstine also moved for terminating sanctions, disqualification of Plaintiff's counsel, issue and/or monetary sanctions.  (Id.)  Meanwhile, on the same day, Plaintiff filed a motion seeking to resolve Defendant's claims of attorney-client privilege.  (Docket No. 47.)  With both motions still pending, Judge Woehrle ordered Plaintiff not to further review the Initial Crestridge Production.  (Docket No. 71.)

On August 3, 2012, Judge Woehrle ruled on both motions.  Based on her review of the papers and the documents, Judge Woehrle found that there were seven categories of documents at issue.  (8/3/12 Order at 5.)  Some of the categories of documents that had been produced were discoverable; others were not.  (Id. at 5–7.)  Judge Woehrle then ordered Defendant's counsel to create a privilege log, explaining with specificity the basis for any redaction or withholding of a document and "identifying the category of document into which the item falls."  (Id. at 7.)  The Court stated that its discovery rulings were made without prejudice, and that either party could still bring a narrowly tailored objection based on the treatment of any particular document.  (Id. at 8.)  Judge Woehrle then ruled that "[t]he record does not support an award of sanctions at this time [see L.R. 83-7] and, accordingly, Defendant Obenstine's requests for sanctions and to conduct limited discovery relating to the actions of Plaintiff's counsel are **denied** without prejudice."  (Id.) (emphasis in original.)

On October 22, 2012 Defendant Obenstine filed the present motion before this Court, seeking terminating sanctions, disqualification of Plaintiff's counsel, issue and/or monetary sanctions.  (Docket No. 90, [Mot. for Sanctions ("Mem.")].)

**III.
DISCUSSION**

LINK: 90

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03480 GAF (CWx) | Date | November 9, 2012 |
|---|---|---|---|
| Title | James Estakhrian v. Mark Obenstine et al | | |

### A. APPEAL OF MAGISTRATE'S RULING

The Court notes that the instant motion is nearly identical to the motion Defendant filed before Judge Woehrle on December 22, 2011, (Docket No. 48), which was ruled upon on August 3, 2012. Whole paragraphs are largely, if not entirely, the same. Defendant seeks the same relief and makes the same arguments. Thus, the present motion will be treated not as a new motion, but as an appeal of Judge Woehrle's August 3 Order. Under this District's Local Rules, "[a]ny party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion . . . within fourteen (14) days of service of a written ruling." C.D. Cal. R. 72-2.1. Defendant's appeal is thus clearly untimely and that is an independent ground for denying this motion. However, in the interests of making a complete record, the Court will address the merits of the Defendant's appeal.

### B. LEGAL STANDARD

Under Fed. R. Civ. P. 72(a) and Local Rule 72-2.1, the district court judge may review the magistrate judge's ruling on any pretrial matter not dispositive of a claim or defense and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." China Nat'l Metal Prods. Import/Export Co. v. Apex Digital, Inc., 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001) (citation omitted). Review under the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993) (internal quotation omitted). Non-dispositive matters include "evidentiary rulings, pretrial discovery matters, and the imposition of sanctions for discovery abuses." Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (internal citations omitted); see also Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991) ("Nondispositive issues include discovery sanctions"); Hoar v. Sara Lee Corp., 900 F.2d 522, 525 (2nd Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation").

### C. APPLICATION

In the present case, Obenstine, in his December 22, 2011 motion before Judge Woehrle,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03480 GAF (CWx) | Date | November 9, 2012 |
|---|---|---|---|
| Title | James Estakhrian v. Mark Obenstine et al | | |

sought terminating sanctions, disqualification of Plaintiff's counsel, issue and/or monetary sanctions on account of alleged discovery abuses committed by Plaintiff's counsel in conjunction with Plaintiff's subpoena issued following the Court's October 24, 2011 Order. (Docket No. 48.) Judge Woehrle denied those requests. (8/3/12 Order at 8.)

Despite Obenstine's argument that "Judge Woehrle remained expressly neutral on the issue of sanctions, stating she would defer to this Court on the matter," Judge Woerhle did in fact rule on this very issue. (Mem. at 10.) She could not have been clearer in stating "[t]he record does not support an award of sanctions at this time . . . ." (8/3/12 Order at 8.) In addition, Defendant argues that the term "without prejudice" indicates that Judge Woehrle deferred ruling on the issue, an argument that is at odds with the well established meaning of that phrase. (Mem. at 10.) Thus, no ruling was deferred so the question is whether Judge Woehrle erred.

Obenstine has failed to establish any facts or law that give the Court a firm and definite conviction that Judge Woehrle erred. Obenstine raises no new arguments except to state that "[s]ince Judge Woehrle's ruling, 287 pages of the 1,053 pages [sic] 'initial Crestridge Production' have been identified as protected" and Plaintiff has only "claimed that 20 of those pages *may* be discoverable. Thus it is clear Plaintiff's attorneys have analyzed at least 267 pages of protected communications." (Docket No. 95, [Reply to Mot. for Sanctions ("Reply")] at 5.) However, Plaintiff persuasively argues that "the mere fact that Plaintiff did not dispute a particular item on the privilege log cannot seriously be taken as a concession that the documents in question were privileged or that Plaintiff acted improperly with respect to the Crestridge subpoena." (Docket No. 94, [Opp. to Mot. for Sanctions ("Opp.")] at 10.) That argument typifies Obenstine's approach to this motion, which consists largely, if not entirely, of speculation and not fact. For instance, Obenstine implies a conspiracy between Crestridge's attorney and Plaintiff's attorney, who are allegedly law school classmates, and also argues that "[t]he timeline of events leading up to Plaintiff's review and analysis of the 1,053 pages . . . evidence Plaintiff's attorneys knowingly obtained and analyzed manifestly protected communications . . . ." (Mem. at 5.) The Court is unwilling to find Judge Woehrle committed clear error on the basis of such conjecture. At this point, the Court has no reason to disbelieve Plaintiff's argument that "Plaintiff sequestered the documents, did not disclose or use them in litigation, and presented the documents to the Court under seal for a resolution of the claim, as Rule 45(d) allows." (Opp. at 2; <u>see</u> <u>also</u> Opp. at 12-13.)

In short, Judge Woehrle's ruling was not "clearly erroneous." Judge Woehrle carefully considered the record, the vast documentary evidence presented, and the arguments put forth by both parties. At that time, Judge Woehrle found no wrongdoing on the part of Plaintiff's counsel

LINK: 90

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-03480 GAF (CWx) | Date | November 9, 2012 |
|---|---|---|---|
| Title | James Estakhrian v. Mark Obenstine et al | | |

that justified the sanctions requested by Defendant. And at this time, Obenstine has put forth no concrete evidence of wrongdoing nor pointed to any clear error committed by Judge Woerhle. The Court thus finds no clear error with Judge Woehrle's reasoned analysis and ruling.

Accordingly, Obenstine's motion is **DENIED**. Plaintiff seeks costs of opposing the motion, (Opp. at 13); that request, made without serious argument or support, is **DENIED**.

### IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Obenstine's appeal of Judge Woerhle's August 3, 2012 Order. The hearing on this motion presently scheduled for November 19, 2012 is **VACATED**.

**IT IS SO ORDERED.**