FILED
CLERK, U.S. DISTRICT COURT
FEB 24 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  S. RON ALIKANI, ESQ. (SBN 206939)
2  E-mail: ralikani@irvinelawgroup.com
   IRVINE LAW GROUP, LLP
3  7700 Irvine Center Dr., Suite 800
4  Irvine, CA 92618
   Telephone: 949-653-6153
5  Facsimile: 949-653-1277
6  *Attorneys for Plaintiff and Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ESTAKHRIAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARK OBENSTINE, BENJAMIN F. EASTERLIN IV, TERRY A. COFFING, King & Spalding, LLP, and MARQUIS & AURBACH, P.C.,<br><br>Defendants. | Case No. CV11-3480 FMO (CWX)<br><br>**Assigned to Hon. Fernando M. Olguin; Discovery Motions Assigned to Magistrate Judge Carla Woehrle**<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

1

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Brad H. Friedmutter and Plaintiff James Estakhrian and their counsel hereby stipulate as follows:

WHEREAS, Plaintiff is a party in the Action entitled *Estakhrian v. Obenstine*, et al. Civil Action No. 11-cv-03480-FMO (CWX) (the "Action").

WHEREAS, Plaintiff has issued a subpoena in the Action seeking the production of documents by Friedmutter.

WHEREAS, information and documents sought from Friedmutter are subject to a confidentiality provision of an agreement between Friedmutter and Nevada Property 1, LLC, and/or may be of a private, confidential nature.

THEREFORE, the purpose of this Confidentiality Stipulation and Protective Order is to permit Friedmutter to provide documents in response to the subpoena and to reasonably limit disclosure of such information.

IT IS HEREBY AGREED AND STIPULATED THAT:

1. Information and documents sought from Friedmutter may contain or relate information that is subject to a confidentiality provision of an agreement between Friedmutter and Nevada Property 1, LLC.

2. This Confidentiality Stipulation and Proposed Protective Order (hereinafter "Protective Order") shall govern all information sought from Friedmutter, including without limitation, documents in written or electronic form produced in response to a subpoena, and deposition or other oral testimony (collectively "Discovery Materials").

3. The provisions of this Protective Order shall apply to: (i) Friedmutter and Plaintiff, (ii) counsel of record in this Action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this Action, and (iii) any other person or entity who produces or provides Discovery Materials in this Action and agrees to be bound by the terms of this Protective Order.

4. The documents produced and testimony given in the Action by Friedmutter shall be deemed Confidential Discovery Materials.

5. Confidential Discovery Materials shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order. Plaintiff shall not use Confidential Discovery Materials for any purpose other than in connection with the prosecution of the Action.

6. Plaintiff shall not, without the written consent of Friedmutter, disclose Confidential Discovery Materials to persons other than the following and, as to such persons, disclosure shall be limited to the extent reasonably necessary for the prosecution of this Action:

    (a) Counsel of record in this Action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this Action;

    (b) The parties' in-house counsel who are assisting in the prosecution and/or defense of this Action;

    (c) The named parties in this Action and employees, officers, and directors of named parties;

    (d) Any expert retained or consulted in connection with the prosecution and/or defense of this Action;

    (e) Any non-party deponents or witnesses at depositions or hearings, as reasonably necessary to give their testimony;

    (f) Court reporters and stenographers; and

    (g) The Court and any persons employed in the Court whose duties require access to Confidential Discovery Materials.

7. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 6(a)-(f) shall be advised of the existence of this Protective Order. All persons to whom Confidential Discovery Materials are disclosed must agree to the terms of this Protective Order and abide by them.

8. Within sixty (60) days of the conclusion of this Action, all Confidential Discovery Materials, including any summaries and copies thereof, shall be returned to the producing

or providing party or witness to be destroyed, or shall be destroyed. Within that time, counsel for receiving parties shall provide to the party or witness producing or providing Confidential Discovery Materials a declaration stating that all such Discovery Materials, including copies or summaries thereof, have been returned or destroyed.

9. This Protective Order may be modified by written stipulation signed by the parties or counsel or by order of the Court. Nothing in this Protective Order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

10. Neither the taking of any Action in accordance with the provisions of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this Action. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery. The production or provision of Discovery Materials subject to this Protective Order shall not constitute an admission as to the admissibility at trial of any Discovery Material.

11. Any violation of this Protective Order may result in a party requesting any available sanction by way of noticed motion, or *ex parte* application if the requirements for an *ex parte* application have been met.

12. This Protective Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Protective Order. Where convenient for the parties to do so, the signed signature pages may be facsimile transmissions.

IT IS SO AGREED AND STIPULATED:

DATED: January 30, 2014

MEHRI & SKALET, PLLC

By: *Taryn Wilgus Null*
TARYN WILGUS NULL

Attorneys for Plaintiff
JAMES ESTAKHRIAN

DATED: January 30, 2014

By: *BFThalrose*
BEN THALROSE

Attorney for
FRIEDMUTTER GROUP

## ORDER

On reading the Confidentiality Stipulation and Protective Order and good cause appearing,

IT IS SO ORDERED.

Dated: Feb. 24, 2014

Carla M. Woehrle
JUDGE