CHAVEZ & GERTLER LLP
Mark A. Chavez (SBN 090858)
Nance F. Becker (SBN 099092)
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572
mark@chavezgertler.com
nance@chavezgertler.com

*Additional counsel for Plaintiffs listed on signature page*

Attorneys for Plaintiffs James Estakhrian, Abdi Naziri,
And the Certified Class

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ESTAKHRIAN and ABDI NAZIRI, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MARK OBENSTINE, BENJAMIN F. EASTERLIN IV, TERRY A. COFFING, KING & SPALDING, LLP and MARQUIS & AURBACH, P.C.,<br><br>　　　　　Defendants. | Case No. 2:11-cv-3480-FMO-CW<br><br>Hon. Fernando M. Olguin<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND OR ALTER JUDGMENT; MEMORANDUM IN SUPPORT THEREOF**<br><br>**Date: June 6, 2019<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Hon. Fernando M. Olguin** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on June 6, 2019 at 10:00 a.m., or as soon thereafter as this matter can be heard, Plaintiffs James Estakhrian and Abdi Naziri will, and they hereby do, move pursuant to Rule 59(e) to alter or amend the Judgment entered by the Court on March 28, 2019 [Dkt. 622] (Judgment) by adding to the Judgment entered against Defendant Obenstine that:

1. The Preliminary Injunction entered by the Court on November 19, 2017 [Dkt. 575] is converted to a permanent injunction and incorporated into the Judgment.

2. That the Special Master's Order Setting Amount Of Attorney Fees Awarded To Plaintiffs On Motion For Discovery Sanctions entered on September 26, 2017 [Dkt. 484] is approved (as modified, if at all, by the Court) and incorporated into the Judgment.

3. That the Special Master's Order Granting, In Part, Plaintiffs' Motion For Sanctions Under 28 U.S.C. § 1927 And Setting Amount Of Sanction entered on September 26, 2017 [Dkt. 483] is approved (as modified, if at all, by the Court) and incorporated into the Judgment.

As described in the Memorandum in Support, the relief requested herein should be granted to prevent a grave injustice. *See*, *e.g.*, *Marsh Aviation Co. v. Hardy Aviation Ins.*, 720 Fed. Appx. 418 (9th Cir. 2018) (A motion to amend a judgment may be granted where "the motion is necessary to prevent manifest injustice.").

Respectfully submitted.

Dated: April 23, 2019

MEHRI & SKALET PLLC

By:  */s/ Steven A. Skalet*
Steven A. Skalet
Attorney for Plaintiffs

2
NOTICE OF MOTION AND MOTION TO AMEND OR ALTER JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Obenstine engaged in a host of unethical, illegal, and predatory practices. During the pendency of this action, based on a comprehensive review and based on the reasons stated therein, the Court issued a Preliminary Injunction in order to preserve assets for collection should Plaintiffs prevail at trial. [Dkt. 575]

Plaintiffs have now prevailed at trial [Dkt. 622], and it appears there are very limited known assets with which to satisfy the Judgment other than the property which is the subject of the Preliminary Injunction.  Therefore, it is critical that the Preliminary Injunction be made permanent for Plaintiffs to have an opportunity to satisfy at least some part of the Judgement. *See*, *e.g.*, *Marsh Aviation Co*. v. *Hardy Aviation Ins*., 720 Fed. Appx. 418 (9th Cir. 2018) (A motion to amend a judgment may be granted where "the motion is necessary to prevent manifest injustice" (citing *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (internal quotation marks and alteration omitted).

More specifically, when it granted the Preliminary Injunction, the court noted:

> Obenstine's own admissions demonstrate that he has dissipated assets and is nearing insolvency, rendering plaintiffs unable to recover monetary damages if a preliminary injunction is not granted. . .  Obenstine's net worth has decreased dramatically over the past 18 months. (Compare Dkt. 502-2, Exh. B, Obenstine Dep. a net worth of $2.4 to $2.5 million) with Dkt. 502-2, Exh. A, Obenstine's 9th Cir. Decl. at ¶ 3 (Obenstine's February 21, 2017, declaration that "[his] net worth is approximately $370,000")). According to Obenstine, he has already expended millions in defense of this litigation, and his prospects for future income are speculative, at best. An asset freeze, therefore, is warranted because plaintiffs would be unable "to recover monetary damages, if relief is not granted." See Johnson, 572 F.3d at 1085; see id. at 1081 (asset freeze warranted when defendants have already expended millions of dollars "to defend th[e] suit"); see, e.g., In re Focus Media Inc., 387 F.3d at 1086 (dissipation shown when $3 million fund

decreased by two-thirds); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 881 (9th Cir. 2003) (irreparable injury shown when it was "probable that [defendant] would engage in misconduct to conceal or dissipate assets").

There is no reason to believe that Defendant Obenstine's financial condition has materially improved since the Court issued the Preliminary Injunction. The Preliminary Injunction's well-reasoned discussion regarding the balance of hardships and public interest prongs for granting the Preliminary Injunction continues to be valid and applicable.

In the course of preparing this motion, Class Counsel conducted an informal title search on Mr. Obenstine's Oregon property that is the subject of the Preliminary Injunction and were disturbed to find that Mr. Obenstine has apparently refinanced the Oregon property without notice or compliance with the Preliminary Injunction. The refinance is apparently in direct violation of the Preliminary Injunction and reduces Mr. Obenstine's equity in the Oregon property by at least $100,000, thereby adversely impacting the ability of the Class to collect on the Judgment [Exh. "A", S. Ron Alikani Decl].

Secondly, it is important for the Court to rule on the Special Master's Orders before it potentially loses jurisdiction since the Special Master's Orders include recoveries against Defendant and Defendant's counsel of over $100,000. Because the class is highly unlikely to recover the full amount of the Judgment and sanctions from Defendant Obenstine, it is important to have the opportunity to collect these fees from Defendant's counsel. The Court *sua sponte* sought the appointment of a Special Master and suggested the filing of a 28 U.S.C. § 1927 motion, all of which involved significant expense, time and effort for which there has not been any compensation. [Dkt. 484] and [Dkt. 483].

The relief requested is necessary to avoid the presumably unintended consequence of providing Mr. Obenstine the opportunity to further frustrate

collection of the Judgment and denying compensation to Class counsel for the time and expenses incurred as a result of the Defendant and his counsel's abusive litigation and discovery tactics.

Dated: April 23, 2019

Respectfully submitted.
IRVINE LAW GROUP, LLP
MEHRI & SKALET PLLC
FAY LAW GROUP PLLC
CHAVEZ & GERTLER LLP

By:   */s/ Steven A. Skalet*
    Steven A. Skalet
    Attorney for Plaintiffs

*Additional counsel for plaintiffs*
MEHRI & SKALET PLLC
Steven A. Skalet, Esq. (Pro Hac Vice)
1250 Connecticut Avenue, NW Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
sskalet@findjustice.com

FAY LAW GROUP PLLC
Raymond C. Fay (Pro Hac Vice)
1250 Connecticut Avenue NW, Suite 700
Washington, DC 20036
Telephone: 202-263-4604
Facsimile: 202-722-1393
rfay@faylawdc.com

IRVINE LAW GROUP, LLP
S. Ron Alikani (SBN 206939)
7700 Irvine Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 653-6153
Facsimile: (949) 653-1277
ralikani@irvinelawgroup.com

3