Harry A. Safarian (SBN 204106)
THE SAFARIAN FIRM, APC
3150 Montrose Avenue
Glendale, California 91214

Tel.: (818) 334-8528
Fax: (818) 334-8107

hs@safarianfirm.com

*Former* Attorneys for Defendant, MARK OBENSTINE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ESTAKHRIAN and ABDI NAZIRI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK OBENSTINE, BENJAMIN F. EASTERLIN IV, TERRY A COFFING, KING & SPALDING, LLP, and MARQUIS & AURBACH, P.C.,<br><br>Defendants. | Case No.: CV11-3480 FMO<br><br>**DECLARATION OF HARRY A. SAFARIAN IN SUPPORT OF *PARTIAL* OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND OR ALTER JUDGMENT**<br><br>Date:   June 6, 2019<br>Time:  10:00 a.m.<br>Place:  Courtroom 6D<br>Judge:  Hon. Fernando M. Olguin |

I, Harry A. Safarian, declare and state as follows:

1.     I am an attorney at law duly licensed to practice before this Court, and all Courts of the State of California. I am a partner with The Safarian Firm, APC, *former* counsel for Mark Obenstine, Defendant. I make this declaration of my own personal knowledge. If called upon to testify, I could and would competently testify to the facts herein.

2.     Plaintiffs' counsel did not meet and confer prior to filing the Motion to

Amend/Alter the Judgment as mandated by Local Rule 7-3. On April 24, 2019, after the Motion was filed, I emailed Plaintiffs' attorney Mark Chavez. A true and correct copy of that email is attached hereto as Exhibit "A." I emailed Mr. Chavez because he and I have had a very collegial relationship, and because his firm appears at the top of the caption. The email inquired:

> Mark, I received the request to alter judgment. Judge Olguin never approved the special master's findings. For good reason, it seems. If the judgment is altered as requested, we are going to end up in another year or two of proceedings litigating the issue. This needs to come to an end. Also, there was no meet and confer as required by the local rules before filing this motion. Given my efforts to help you and Obenstine come to a resolution, I found the motion surprising, especially since nothing was said about the subject.

3. After sending the email, I called Mr. Chavez on the phone. Mr. Chavez stated he was not the one responsible for filing the Motion, and suggested I communicate with one of the other firms representing Plaintiffs. I did so, writing to attorneys Skalet, Alikani, Fay, and Chavez an email, a true and correct copy of which is attached as Exhibit "B," and which states:

> Gentleman,
>
> As you know by now, I no longer represent Mark Obenstine. I will not be involved in any proceedings concerning the appeals that have been filed.
>
> I received your motion to amend the judgment. As you know, Judge Olguin did not approve the Special Master's

2

DECLARATION

> recommendations on the subject motions, and no request was made of the Court to do so. In not approving the recommendations, Judge Olguin implicitly denied the Special Master's proposal. Absent an order from Judge Olguin, which was not issued, it appears there is nothing to amend the judgment with. Also, there was never a meet and confer for us to discuss these issues.
>
> As you also know, I went to pains to assist you in streamlining the trial, and worked cooperatively with you to try to get the matter resolved. Like you, I was also disappointed the case did not resolve informally.
>
> The motion to amend appears substantively and procedurally improper. I believe very strongly that it will be denied. I ask that you consider withdrawing it, or that one of you give me a call to discuss it. It is my preference to avoid submitting an oppose[tion] or spending further time on these matters. I would appreciate hearing from one of you at your earliest opportunity.

4. Regrettably, even after I contacted the referenced attorneys and sought to meet and confer with them, and reminded them the Motion was filed without satisfying the meet and confer mandate, none of the attorneys responded.

5. As his former counsel, I cannot take a position on Obenstine's alleged conduct. I did seek, quite some time ago, to be relieved from representing him. Plaintiffs' counsel opposed the Motion. Forced to stay in the case, I worked cooperatively with Plaintiffs' attorneys in the pre-trial process, and the parties were

3

DECLARATION

able to complete the trial in a single day based upon many stipulations informally reached. Plaintiffs now note that Obenstine has, in apparent violation of an Order of this Court, taken a loan out against his home. I have no information on the subject, and would certainly never condone violations of an Order of any court. But, the possibility Obenstine has limited net worth does not justify making his former counsel, who was forced to remain in the case, guarantor of Obenstine's debts. I note the Motion makes reference to Obenstine having "already expended millions in defense of this litigation…" To the extent Plaintiffs are implying I was the beneficiary of such fees, I can state unhesitatingly that I did not work at a profit in this case, and any insinuation to the contrary is without merit and does not justify the relief requested.

6. Attached hereto as Exhibits "C" and "D," respectively, are pleadings submitted to the Special Master in 2016. It has been approximately three years since the motions in question were initiated, and nearly two years since the Special Master issued her proposals. The Court did not accept the proposals, and Plaintiffs/their counsel offer no explanation for not addressing the issue prior to trial. As established in the concurrently filed Opposition, there is no proper basis for brining the current Motion, and doing so pursuant to Rule 59(e) is clearly improper. This combined with the failure to meet and confer, is potentially sanctionable. Given Plaintiffs' attorneys and I worked cooperatively towards completing trial in an efficient, streamlined manner, I am not seeking sanctions, but do ask that the Court deny the Motion give its lack of merit, and that the issue be brought to a close once and for all.

I declare, under penalty or perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on May 16, 2019.

Date: May 16, 2019                By:  /S/   Harry A. Safarian
                                        HARRY A. SAFARIAN

DECLARATION