```
1   IRVINE LAW GROUP, LLP
2   S. Ron Alikani (SBN 206939)
    780 Roosevelt
3   Irvine, California 92620
4   Telephone: (949) 653-6153
    ralikani@irvinelawgroup.com
5
6   MEHRI & SKALET PLLC
    Steven A. Skalet, Esq. (Pro Hac Vice)
7   1250 Connecticut Avenue, NW Suite 300
8   Washington, DC 20036
    Telephone: (202) 822-5100
9   sskalet@findjustice.com
10
11  FAY LAW GROUP PLLC
    Raymond C. Fay (Pro Hac Vice)
12  1250 Connecticut Avenue NW, Suite 700
    Washington, DC 20036
13  Telephone: 202-263-4604
14  rfay@faylawdc.com
```

15  *Additional counsel listed following signature page*

16  Attorneys for Plaintiffs and the Certified Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ESTAKHRIAN and ABDI NAZIRI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MARK OBENSTINE, BENJAMIN F. EASTERLIN IV, TERRY A. COFFING, KING & SPALDING, LLP and MARQUIS & AURBACH, P.C.,<br><br>Defendants. | **Case No. 2:11-cv-3480-FMO-CW**<br><u>CLASS ACTION</u><br>**DECLARATION OF MARK A. CHAVEZ IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT**<br><br>Before: Hon. Fernando M. Olguin<br>Date:   TBD<br>Time:   TBD |

I, Mark A. Chavez, do hereby declare as follows:

1. I am one of the attorneys for the plaintiffs in this action. The statements in this declaration are based on my personal knowledge and, if called as a witness, I could and would testify thereto.

2. On January 5, 2020, I sent an email to the two lawyers listed below who represent Defendant Mark Obenstine in this matter advising them that we would be filing an *ex parte* application and inquiring whether they intend to file any opposition to the application.

| | |
|---|---|
| Harry A. Safarian | Evan D. Williams |
| Safarian Firm APC | The Law Office of Evan D. Williams |
| 3150 Montrose Avenue | 19069 Van Buren Blvd., Suite 114-230 |
| Glendale, CA 91214 | Riverside, CA 92508 |
| hs@safarianfirm.com | evan@ewilliamslegal.com |

3. Mr. Safarian responded with an email indicating that he is in trial and would be substituting out as counsel. Mr. Safarian asked me to delay filing the *ex parte* application. Mr. Williams responded with an email stating that he represents Mr. Obenstine on the appeal but not with respect to matters in the district court and, consequently, could not say whether Mr. Obenstine would be filing an opposition. In addition, Mr. Williams said he would inform Mr. Obenstine of my email.

4. On January 6, 2020, I received the emails from Mr. Obenstine included in the email chain attached hereto as Exhibit 1.

5. I will cause a complete set of the papers filed in support of this *ex parte* application to be served on Defendant Obenstine's counsel via email concurrently with filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and was executed in Mill Valley, California this 7th day of January, 2020.

                */s/ Mark A. Chavez*

                Mark A. Chavez

---

1

DECLARATION OF MARK A. CHAVEZ IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT

*Additional counsel for Plaintiff:*

Mark A. Chavez (SBN 090858)
Kemnitzer Barron & Krieg LLP
42 Miller Avenue, 3rd Floor
Mill Valley, CA  94941
(415) 632-1900
mark@kbklegal.com

# EXHIBIT 1

**From:** Mark Obenstine <markobenstine@hotmail.com>
**Sent:** Monday, January 06, 2020 4:25 PM
**To:** Mark Chavez <Mark@KBKLegal.com>
**Subject:** Re: Estakhrian v Obenstine

An injunction prohibiting communications with prospective class members before the class is certified and while a case is still pending is of no consequence.  Plus, I am not communicating with class members about the class action.  I am not - repeat, I am not - interfering or attempting to interfere with the class action or the judgment rendered against me.

Injunctions necessarily dissolve when they become moot.  The injunction you reference is no longer of consequence and thus has been dissolved.  Besides, I was never prohibited from filing lawsuits against class members (other than Estakhrian).

Please explain to me how an injunction designed to prevent interference with the class certification process is valid when the class certification process ended over two years ago and the case itself ended almost a year ago.

---

**From:** Mark Chavez <Mark@KBKLegal.com>
**Sent:** Monday, January 6, 2020 4:14 PM
**To:** Mark Obenstine <markobenstine@hotmail.com>
**Cc:** Harry Safarian <hs@safarianfirm.com>; evan@ewilliamslegal.com <evan@ewilliamslegal.com>; Steve Skalet <SSkalet@findjustice.com>; Ray Fay <rfay@faylawdc.com>; Ron Alikani <ralikani@irvinelawgroup.com>
**Subject:** Re: Estakhrian v Obenstine

Mark

You remain subject to and are obligated to comply with the court's injunctions in this matter. They have not been dissolved. Please see the authorities cited in the briefs seeking those injunctions and in the court's orders.

Please cite any authorities that support the notion that the injunction barring communication with class members is no longer valid.

Thanks.

Mark
Sent from my iPhone

> On Jan 6, 2020, at 3:37 PM, Mark Obenstine <markobenstine@hotmail.com> wrote:
>
> Mark,
>
> Please identify the legal authorities supportive of your claim that you can enjoin me from filing lawsuits against my former clients.
>
> Please identify the legal authorities supportive of your claim that the prior Court Order regarding communications with prospective class members is still valid.
>
> Please identify specific provisions of a valid Court Order that is violated by the filing of lawsuits against my former clients, let alone by the initiation of settlement communications with former clients regarding a separate, standalone legal claim for breach of the Cosmopolitan settlement agreement.

1

Please identify the evidence supportive of your claim that I am interfering with the class action filed against me by executing individual settlements with members of that class. I have not executed (and am not trying to execute) individual settlements with class members that in anyway requires class members to waive their claims against me. As you know, class members can longer opt-out of the class action and thus are necessarily precluded from trying to achieve a de facto "opt-out" via an agreement with me.

Best Regards,

Mark Obenstine

---

**From:** Evan Williams <evan@ewilliamslegal.com>
**Sent:** Sunday, January 5, 2020 9:31 PM
**To:** Mark Obenstine <markobenstine@hotmail.com>
**Subject:** Fwd: Estakhrian v Obenstine

Received this email from Mark Chávez a few hours ago.

---------- Forwarded message ---------
From: **Evan Williams** <evan@ewilliamslegal.com>
Date: Sun, Jan 5, 2020 at 9:30 PM
Subject: Re: Estakhrian v Obenstine
To: Harry Safarian <hs@safarianfirm.com>
CC: Harry Safarian <hs@safarianfirm.com>, Mark Chavez <Mark@kbklegal.com>, Ray Fay <rfay@faylawdc.com>, Ron Alikani <ralikani@irvinelawgroup.com>, Steve Skalet <SSkalet@findjustice.com>

Hi Mr. Chavez,
   Thanks for your email. I do represent Mr. Obenstine on appeal, but I presume this is an issue you will be bringing before the trial court. I have no authority to make representations on Mr. Obenstine's behalf for matters before the District Court. So I cannot provide you with Mr. Obenstines position re: opposition.
   I will be sure to inform him of your email. Please let me know if I can be of further assistance.

On Sun, Jan 5, 2020 at 8:18 PM Harry Safarian <hs@safarianfirm.com> wrote:

> Mark, I am presently in trial. I believe Mr. Obenstine is now represented by another attorney and I see you have copied him. I expect to recall a substitution form shortly. I ask that you hold off for a few days given my trial so that I can figure out the substitution issue.
>
> Sent from my iPhone
>
> On Jan 5, 2020, at 7:39 PM, Mark Chavez <Mark@kbklegal.com> wrote:
>
> Harry and Evan
>
> Plaintiffs will be filing an ex parte application for a temporary
> restraining order and order to show cause against your client Mark Obenstine
> on Tuesday January 7, 2020.
>
> The application will ask the court to enjoin Obenstine from further
> contacting class members, claiming that class members are liable to
> Obenstine for damages, representing that class members have breached their
> contracts with Obenstine, threatening to sue class members for hundreds of
> thousands of dollars and attempting to induce class members to enter into
> individual settlements with Obenstine. In addition, we will ask the Court to
> order Obenstine to disclose the dates and content of all communications with
> class members, produce copies of all emails and text messages exchanged with
> class members, and disgorge any amounts collected from class members, as
> well as order such further relief as the Court deems necessary or
> appropriate.
>
> Furthermore, the application will ask the Court to issue an order compelling
> Obenstine to appear before the Court in person on January 16th to show cause
> why the TRO should not become a permanent injunction, why he should not be
> held in contempt for violating the Court's prior orders, why he should not

2

> be subjected to a sanction of $1,000 each day until he demonstrates full and
> complete compliance with the Court's orders and why he should not be ordered
> to send a corrective notice to class members at his expense, as well as such
> other the matters as the Court deems necessary or appropriate.
>
> Finally, we will ask the Court to award plaintiffs attorneys' fees and costs
> incurred in connection with the application and all related proceedings.
>
> Please let us know within the next 24 hours whether you intend to oppose
> this application.
>
> Thanks for your prompt attention to this matter.
>
> Mark
> Sent from my iPad
>
>
> Mark
> Sent from my iPad

--
Evan D. Williams
Attorney At Law
19069 Van Buren Blvd.
Suite 114-230
Riverside, CA 92508
T: (951) 888-2095

--
Evan D. Williams
Attorney At Law
19069 Van Buren Blvd.
Suite 114-230
Riverside, CA 92508
T: (951) 888-2095

3