IRVINE LAW GROUP, LLP
S. Ron Alikani (SBN 206939)
780 Roosevelt
Irvine, California 92620
Telephone: (949) 653-6153
ralikani@irvinelawgroup.com

MEHRI & SKALET PLLC
Steven A. Skalet, Esq. (Pro Hac Vice)
1250 Connecticut Avenue, NW Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
sskalet@findjustice.com

FAY LAW GROUP PLLC
Raymond C. Fay (Pro Hac Vice)
1250 Connecticut Avenue NW, Suite 700
Washington, DC 20036
Telephone: 202-263-4604
rfay@faylawdc.com

*Additional counsel listed following signature page*

Attorneys for Plaintiffs and the Certified Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES ESTAKHRIAN and ABDI NAZIRI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARK OBENSTINE, BENJAMIN F. EASTERLIN IV, TERRY A. COFFING, KING & SPALDING, LLP and MARQUIS & AURBACH, P.C.,<br><br>Defendants. | **Case No. 2:11-cv-3480-FMO-CW**<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ORDER TO SHOW CAUSE RE: OBENSTINE'S COLLECTION ACTIVITIES**<br><br>Before: Hon. Fernando M. Olguin |

## I. INTRODUCTION

Defendant Mark Obenstine ("Obenstine") is subject to a $12 million judgment requiring him to make payments to class members. Instead of fulfilling this obligation, Obenstine is threatening to sue class members to induce them to make payments to Obenstine under individual settlements. In other words, Obenstine is attempting to collect money from the same class members he has a responsibility to pay.

Obenstine's collection activities violate the judgment in this matter. The Court has jurisdiction to enforce its orders during the pendency of Obenstine's appeal. The Court can and should invoke its contempt powers to halt Obenstine's misconduct.

## II. STATEMENT OF THE CASE

The Court conducted a bench trial in this matter on plaintiffs' breach of fiduciary duty, UCL and CLRA claims. After reviewing and considering the evidence presented at trial and the arguments of counsel, the Court issued extensive findings of fact and conclusions of law. (Dkt. 621).

In relevant part, the Court concluded that Defendant Obenstine breached his fiduciary duties to class members throughout his involvement in the *Watt* litigation by unlawfully using a runner or capper in violation of Business & Professions Code § 6152 (Dkt. 621 at ¶¶ 99-103), by making blatant misrepresentations to class members in connection with the *Watt* action (Dkt. 621 at ¶¶ 104-107), by failing to disclose his fee sharing agreements in the *Watt* litigation (Dkt. 621 at ¶ 108), by concealing his receipt of $12 million in attorneys' fees from the *Watt* court (Dkt. 621 at ¶ 109), by falsely presenting "Kay Jackson" as the owner of a Cosmopolitan unit (Dkt. 621 at ¶¶ 109-111), by concealing from class members that he was not authorized to practice in the *Watt* action (Dkt. 621 ¶ 112), and by failing to disclose the conflict of interest of his co-counsel in the *Watt* litigation (Dkt. 621 at ¶ 113). The Court also concluded that Obenstine violated the UCL by violating Business

1 and Professions Code §§ 6152 and 6068 (Dkt. 621 at ¶¶ 125-126) and by violating
2 California Rules of Professional Conduct 2-200, 1-300 and 1-320 (Dkt. 621 at ¶
3 127). Finally, the Court concluded that Obenstine's conduct in the *Watt* case
4 violated the CLRA. (Dkt. 621 ¶ 134).

5     All of Obenstine's wrongful conduct leading to the Court's conclusions of
6 law related to and arose out of his representation of class members in the *Watt*
7 action. Obenstine covertly received a total of $12 million in attorneys' fees from
8 the class action settlements in *Watt*. (Dkt. 621 at ¶ 83). "[I]n California … an
9 attorney may not recover services if those services are rendered in contradiction to
10 the requirements of professional responsibility." (Dkt. 621 at ¶ 115, *quoting*
11 *Goldstein v. Lees*, 46 Cal. App. 614, 618 (1975)). Since Obenstine was not entitled
12 to any of the attorneys' fees he received, the Court ordered disgorgement as the
13 remedy for his breaches of fiduciary duty (Dkt. 621 at ¶ 117), restitutionary
14 disgorgement as the remedy for his violations of the UCL (Dkt. 621 at ¶ 132), and
15 restitution as the remedy for his violations of the CLRA (Dkt. 621 at ¶ 137).

16     This Court correctly ruled, based upon compelling and largely uncontested
17 evidence, that Obenstine should not be allowed to retain any attorneys' fees for his
18 work in the *Watt* litigation due to his misconduct. Consequently, the Amended
19 Judgment ("Judgment") compels Obenstine to "disgorge and pay as restitution to
20 the class members the amount of twelve (12) million dollars he received as
21 attorneys' fees in the *Watt* litigation." (Dkt. 638 at ¶ 2). The amount of "each class
22 member's share of the net monetary award shall be computed based on the pro rata
23 recovery each class member received from the *Watt* settlement." (Dkt. 638 at ¶ 3).

24     The Judgment imposes a substantial financial obligation on Obenstine.
25 Under the Judgment, he has no claim to any attorneys' fees for the work performed
26 for class members in the *Watt* litigation. Instead, Obenstine must repay the class
27 members the $12 million he secretly received in attorneys' fees.
28

III. **ARGUMENT**

**A. The Court Has Jurisdiction to Enforce the Judgment**

Although the filing of a notice of appeal generally divests the district court of jurisdiction over the subject of the appeal, there are recognized exceptions to this rule. It is well-established that even during the pendency of an appeal the district court retains jurisdiction to enforce its own orders. *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201-02 (11th Cir. 2016) ("Absent entry of a stay on appeal—which Trident Atlanta failed to obtain here—the District Court retained jurisdiction to enforce its orders. Thus, we reject Trident Atlanta's frivolous jurisdictional argument."); *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (upholding district court's order holding corporation in civil contempt and imposing sanctions since "district court retained jurisdiction to enforce its judgment notwithstanding C&A's appeal on the merits"); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006) (finding district court retained jurisdiction to hold contempt proceedings following defendant's alleged violation of a consent decree while appeal of that decree was pending, explaining that "one established exception to the rule against simultaneous exercise of jurisdiction is that the district court may enforce its judgment while an appeal to test that judgment's validity proceeds"); *Chao v. Koresko*, Nos. 04-3614, 05-1440, 05-1946, 05-2673, 2005 WL 2521886, at *5 (3d Cir. 2005) (finding that appeal did not "disturb the District Court's jurisdiction to enforce" its orders with civil contempt citations); *Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004) (affirming holding of defendant in contempt for failure to comply with writ of execution while appeal of underlying judgment was pending); *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 76-77 (5th Cir. 1995) ("[U]ntil the judgment has been properly stayed or superseded, the district court may enforce it through contempt sanctions." (internal quotation marks and alteration omitted)); *United States v. Lawn Builders of New Eng., Inc.*,

856 F.2d 388, 394–95 (1st Cir. 1988) (finding district court properly rejected argument that district court lacked jurisdiction to hold party in contempt because his appeal of the order of enforcement was still pending since party had neither applied for, nor received, a stay of the district court's enforcement order); *Island Creek Coal Sales Co. v. Gainesville*, 764 F.2d 437, 440 (6th Cir. 1985) ("Where, as here, the district court is attempting to supervise its judgment and enforce its order through civil contempt proceedings, pendency of appeal does not deprive it of jurisdiction for these purposes."); *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988) (ruling that a district court did not lose jurisdiction once declaratory judgment was appealed because 28 U.S.C. § 2202's authorization of "further relief" "carries out the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective").

A party is not relieved of its obligation to comply with a district court's orders by the filing of an appeal. "Absent a stay, 'all orders and judgments of courts must be complied with promptly.'" *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987). The district court may enforce its orders while an appeal is pending through contempt or other means. *See, e.g.*, *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d at 638. As the Ninth Circuit has explained:

> A federal court has "inherent power to enforce its judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *see also Blackburn Truck Lines, Inc. v. Francis*, 723 F.2d 730, 732 (9th Cir. 1984). "[T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied." *Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166 (1868). "Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" *Peacock*, 516 U.S. at 356 (*quoting Riggs*, 73 U.S. (6 Wall.) at 187).

*Sukumar v. Direct Focus Inc.*, 224 F. App'x 556, 559 (9th Cir. 2007).

### B. The Court Should Issue the Requested Order to Show Cause

The conduct of Obenstine challenged in this proceeding directly contravenes this Court's Judgment. It is violative of the essential mandate of the Judgment that Obenstine pay class members $12 million.

The uncontroverted evidence before the Court conclusively demonstrates that Obenstine is engaged in efforts to collect funds from members of the certified class in this action. (Dkts. 646-3, 646-4, 646-5, 646-6, 646-7, 649).  In his communications, Obenstine is asserting that class members owe him substantial sums for participating in this lawsuit. (Dkts. 646-3, 646-4, 646-5, 646-6, 646-7, 649). Obenstine is not disclosing the existence of this Court's Judgment against him or the fact that Obenstine owes class members $12 million. (Dkts. 646-3, 646-4, 646-5, 646-6, 646-7, 649). Instead, Obenstine is threatening to file lawsuits against class members unless they enter into individual settlements requiring the class members to pay Obenstine negotiated compromise amounts to resolve his "claims." (Dkts. 646-3, 646-4, 646-5, 646-7, 649). Those "claims" are premised on the false notion that Obenstine did nothing wrong in *Watt* and has always been entitled to the fees he covertly received.

Obenstine's conduct threatens to deprive class members of all the benefits of the Judgment in favor of the class. Obenstine is improperly contacting class members who he knows are represented by class counsel to collect money from them. He is concealing material facts about this litigation, the Judgment, and his debt to class members. Obenstine is attempting to negotiate individual settlements which presumably would remove his former clients from the class. Ultimately, Obenstine is attempting to convert his obligation to make payments into a net recovery through his collection activities.

Instead of repaying class members $12 million, Obenstine is attempting to obtain money from them. This is directly contrary to and violates the mandate of the Judgment. Thus, the conduct of Obenstine is a violation of a specific and

definite order of the Court. It constitutes contempt. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (*quoting Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). The Court has broad authority to address this misconduct through its contempt powers. *See Marshak v. Treadwell*, 595 F.3d 478 (3d. Cir. 2009) (holding third parties in contempt for circumventing court's injunction); *United States v. Greyhound Corp.*, 508 F.2d 529, 541 (7th Cir. 1974) (finding even "paper compliance" and "twisted and strained" interpretations of the court's order contemptuous); *Am. Indus., Inc. v. Fog Cutter Capital Grp., Inc.*, No. 15-7420, 2018 WL 6017019 (C.D. Cal. Mar. 14, 2018) (finding judgment debtors' corporate restructure to avoid payment on debt was contemptuous).

Moreover, the Court has the authority to ensure the efficacy of its class certification order. The Court certified the class in this action on February 4, 2017 and assumed jurisdiction over the class claims. (Dkt. 500). "After a court has certified a class, communication with class members regarding the subject of representation must be through counsel for the class." *Jacobs v. CSAA Inter-Inc.*, 2009 WL 1996, *2 (N.D. Cal. 2009). Under Federal Rule of Civil Procedure 23(a), district courts have broad discretionary authority to control the conduct of class actions. *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 755 (9th Cir. 2010), *cert. granted, judgment vacated on other grounds*, 565 U.S. 801 (2011). In the exercise of this authority, courts have restricted communications with class members and invalidated agreements negotiated with class members which interfere with the rights of the parties in a class action. *See, e.g.*, *O'Connor v. Uber Techs., Inc.*, 2013 WL 6407583, *4 (N.D. Cal. 2013).

### IV.   CONCLUSION

For the foregoing reasons, the Court should issue the requested Order to Show Cause.

| | | |
|---|---|---|
| 1 | Dated: February 17, 2020 | Respectfully submitted, |
| 2 | | IRVINE LAW GROUP LLP |
| 3 | | MEHRI & SKALET PLLC |
| 4 | | FAY LAW GROUP PLLC |
| 5 | | KEMNITZER BARRON & KRIEG LLP |
| 6 | By: | */s/ Mark A. Chavez* |
| 7 | | Mark A. Chavez |
| | | Attorneys for Plaintiffs and the Class |

*Additional counsel for Plaintiff:*

Mark A. Chavez (SBN 090858)
Kemnitzer Barron & Krieg LLP
42 Miller Avenue, 3rd Floor
Mill Valley, CA 94941
(415) 632-1900
mark@kbklegal.com