IRVINE LAW GROUP, LLP
S. Ron Alikani (SBN 206939)
780 Roosevelt
Irvine, California 92620
Telephone:  (949) 653-6153
ralikani@irvinelawgroup.com

MEHRI & SKALET PLLC
Steven A. Skalet (Pro Hac Vice)
1250 Connecticut Avenue, NW Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
sskalet@findjustice.com

FAY LAW GROUP PLLC
Raymond C. Fay (Pro Hac Vice)
1250 Connecticut Avenue NW, Suite 700
Washington, DC 20036
Telephone: 202-263-4604
rfay@faylawdc.com

*Additional counsel listed following signature page*

Attorneys for Plaintiffs and the Certified Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES ESTAKHRIAN and ABDI NAZIRI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARK OBENSTINE, BENJAMIN F. EASTERLIN IV, TERRY A. COFFING, KING & SPALDING, LLP and MARQUIS & AURBACH, P.C.,<br><br>Defendants. | **Case No. 2:11-cv-3480-FMO-CW**<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF CONTEMPT ORDERS**<br><br>Before: Hon. Fernando M. Olguin |

## I. **Obenstine Is In Contempt**

Defendant Mark Obenstine's Opposition to Plaintiffs' Order to Show Cause belatedly disputes the Court's authority to hold him in contempt for violating the Property Injunction and for engaging in collection activities violative of the Amended Judgment. The Opposition is meritless. The Court should issue Plaintiffs' proposed contempt order and the requested order to show cause.

As a threshold matter, it is far too late for Obenstine to contest the Court's contempt finding for his violations of the Property Injunction. The Court's Order of January 13, 2020 directed Obenstine to file any opposition to Plaintiffs' Application for an Order to Show Cause by January 21, 2020 and to appear in person at the February 6, 2020 hearing. (Dkt. 647). Obenstine did not do either.

In its Order of February 7, 2020, the Court ordered Obenstine to appear in person before the Court on February 27, 2020 and show cause why he should not be held in contempt for violating the Property Injunction. (Dkt. 653). Obenstine once again failed to comply and the Court found him in contempt.

At this point, Obenstine has waived any opposition to this contempt finding. *See* Fed. R. Civ. P. 6(b)(1)(B) (after expiration of deadline, a motion for enlargement of time is required showing excusable neglect); C.D. Cal. L.R. 7-12; *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 932 (9th Cir. 1994), *as amended on denial of reh'g* (Apr. 8, 1994) (finding abuse of discretion where district court considered a motion filed two days late absent excusable neglect when the deadline was governed by a nonambiguous rule).

Similarly, Obenstine cannot, at this late stage, dispute the contents of the Amended Judgment entered on July 8, 2019 (Dkt. 638). *See Nguyen v. Regents of Univ. of Cal.*, No. 1700423, 2019 WL 3017678, at *5 (C.D. Cal. Mar. 25, 2019) (denying plaintiff's motion to reconsider in part because plaintiff failed to timely raise arguments in opposition to defendants' motion and thereby waived his right to assert them in a later motion for relief from judgment); *United States v. 385.93*

1
PLAINTIFFS' REPLY IN SUPPORT OF CONTEMPT ORDERS

*Acres of Land, Situated in City of Portsmouth & Town of Newington, Rockingham Cty., N.H.*, 16 F.R.D. 557, 558 (D.N.H. 1954) (finding "[Rule 6 and Rule 59] are supportive of the longstanding policy that objections to judgments must be promptly asserted, to ensure finality of judgments"); Fed. R. Civ. P. 6(b) advisory committee's note to 1946 amendment (the Rule 6(b) bar on extension of time for Rule 59 filings "is based on the view that there should be a definite point where it can be said a judgment is final.").

In view of Obenstine's concession that he has engaged in collection activities against class members the Court should also issue the order to show cause. Although Obenstine is obligated to pay class members $12 million under the Amended Judgment, he is attempting to collect money from them without disclosing the existence of the judgment or his debt to class members. According to Obenstine, he "has a constitutional right to contact his former clients and pursue an action against them." (Dkt. 662 at 6).

The fatal flaw in Obenstine's position is that it is premised on the notion that Obenstine can proceed as if the Amended Judgment did not exist. In doing so, Obenstine is acting in defiance of the Amended Judgment. The Court can and should issue the requested order to show cause to address Obenstine's contempt.

## II. Further Proceedings

In light of the growing coronavirus crisis, Plaintiffs respectfully request that the Court schedule any further hearings in this matter for mid-May or later.

Dated:  March 9, 2020                    Respectfully submitted,

                                          IRVINE LAW GROUP LLP
                                        MEHRI & SKALET PLLC
                                        FAY LAW GROUP PLLC
                                        KEMNITZER BARRON & KRIEG LLP

                                By:   */s/ Mark A. Chavez*
                                    Mark A. Chavez
                                    Attorneys for Plaintiffs and the  Class

1  *Additional counsel for Plaintiff:*

2  Mark A. Chavez (SBN 090858)
3  Kemnitzer Barron & Krieg LLP
   42 Miller Avenue, 3rd Floor
4  Mill Valley, CA  94941
5  (415) 632-1900
   mark@kbklegal.com

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28